UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RODNEY L. McCLAIN,

    Petitioner,

vs.                                                Case No.3:10-cv-291-J-12MCR

JOHN OWENS, etc.,

    Respondent.

---

## ORDER

This cause is before the Court on "Petitioner's Motion to Vacate His ... Illegal Convictions ..." (Doc. 1), which has been construed as a petition for writ of error coram nobis ("Petitioner's petition for writ of error coram nobis") and transferred to this Court from the District of South Carolina. See Doc. 15. Petitioner seeks to challenge two of his convictions in Case No. 3:88-215-cr-J-12. The Court directed the Clerk to provide the United States Attorney's Office for the Middle District of Florida with a copy of Petitioner's petition for writ of error coram nobis and directed the Government to file a response. See Doc. 20.

On April 30, 2010, United States' Motion to Dismiss Petitioner's Pro Se Motion (Doc. 21) was filed. As of the date of this Order, Petitioner has not filed a response to the Government's motion to dismiss. The Court will deny Petitioner's petition for writ of error coram nobis for the reasons set forth below.

The Government identifies two bases for dismissal. First, because Petitioner challenges his underlying federal criminal convictions, the proper party respondent is the

United States of America, and not John Owens, the warden of the prison where Petitioner is currently incarcerated in South Carolina. The Court agrees that Petitioner's petition for writ of error coram nobis is subject to dismissal without prejudice with leave to amend or refile naming the proper party respondent. However, because as the Court will discuss below, such amendment or refiling would be futile under the law of the Eleventh Circuit, the Court will deny Petitioner's petition for writ of error coram nobis.

The second basis upon which the Government urges the Court to dismiss Petitioner's petition for writ of error coram nobis is that it is in fact a successive §2255 motion filed without permission from the Eleventh Circuit Court of Appeals. As a result, the Government maintains that this Court lacks jurisdiction to consider Petitioner's request for relief contained therein. The Court finds that Petitioner's petition for writ of error coram nobis is due to be denied on this basis.

The law of the Eleventh Circuit is clear that a federal prisoner in custody may not challenge an underlying federal conviction by writ of error coram nobis. "Coram nobis relief is unavailable to a person ... who is still in custody." United States v. Garcia, 181 F.3d 1274 (11th cir. 1999)(citing United States v. Brown, 117 F.3d 471, 475 (11th cir. 1997)).

While he is incarcerated, Petitioner must seek any relief he may be entitled to regarding his federal criminal convictions by filing a § 2255 motion. Because in this case such motion would be successive, Petitioner must seek leave from the Eleventh Circuit before filing such motion in this Court. The Court therefore will deny Petitioner's petition for writ of error coram nobis because such relief is not available to him under the law of the Eleventh Circuit.

Upon review of the matter, it is

**ORDERED AND ADJUDGED:**

1.  That Petitioner's petition for writ of error coram nobis (Doc. 1) is denied. The Court makes no determination regarding whether Petitioner should be entitled to file a successive § 2255 motion or regarding the merits of the underlying legal issues he seeks to present;

2.  That United States' Motion to Dismiss Petitioner's Pro Se Motion (Doc. 21) is terminated; and

3.  That the Clerk is directed to close this case.

**DONE AND ORDERED** this ___2nd___ day of June 2010.

*Howell W. Melton*
Senior United States District Judge

Copies to:
Petitioner
AUSA (Henry)